## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

Jay Connor,

        Plaintiff,

           Vs.

TelevisitMD, Inc. and Christopher Cummins
Individually

        Defendants.

C/A No:  2:23-cv-1799-JDD-MGB

**COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff complaining of the Defendants alleges as follows:

### TYPE OF ACTION

1.      This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty and S.C. Code Section § 37-21.

### PARTIES

2.      Plaintiff is a resident of Charleston County, South Carolina.

3.      The calls alleged in this complaint were made to Plaintiff's wireless phone line in South Carolina.

4.       Defendant TELEVISITMD, INC. ("TelevisitMD") is a lead provider for providers distributing covid testing kits to Medicare recipients.

5.      TelevisitMD's offices are located on 800 East Cypress Creek Road #416 Fort Lauderdale, FL 33334.

6.      TelevisitMD either directly or by those on its behalf, makes calls to residents of South Carolina.

7.   First Choice conducts and transacts business in South Carolina.

8.   Defendant CHRISTOPHER CUMMINS ("Cummins") is a physician who resides in Mississippi.

## VENUE AND JURISDICTION

9.   This cause of action arises out of conduct of Defendants initiating telephone calls to Plaintiff's wireless telephone number in Charleston County South Carolina.

10.   Plaintiff is a resident of Charleston County.

11.   Pursuant to *Mims v. Arrow Fin. Services. LLC 565* U.S. 368, 372 (2012), this court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under the South Carolina Telephone Privacy Protection Act, S.C. Code Section 37-21, because the state claims arise from the same nucleus of operative fact, i.e., Defendants' telemarketing calls to Plaintiff, and add little complexity to the case. Furthermore, pursuant to Section 37-21-100, "Nothing in this chapter must be construed to limit any remedies, causes of action, or penalties available to a person or governmental agency under another federal or state law."

## The Telephone Consumer Protection Act

12.   "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their

homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals'
privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

13.    "The law opted for a consumer-driven process that would allow objecting
individuals to prevent unwanted calls to their homes. The result of the telemarketing
regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the
federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-
Call registry stands out as a model of clarity. It means what it says. If a person wishes to no
longer receive telephone solicitations, he can add his number to the list. The TCPA then
restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. §
310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a
telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's
telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private
suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a
straightforward provision designed to achieve a straightforward result. Congress enacted the
law to protect against invasions of privacy that were harming people.  The law empowers each
person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put
simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered
an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643,
649-50 (4th Cir. 2019).

14.    The TCPA provides a private right of action under section 47 U.S.C § 227 (c)(5)
for a person who has received more than one telephone call within any 12-month period by or
on behalf of the same entity in violation of the regulations prescribed under the subsection.

## The South Carolina Telephone Privacy Protection Act

15.    On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, et seq.

16.    The SCTPPA requires that "at the outset of a telephone solicitation, a telephone solicitor shall provide…the name of the person on whose behalf the telephone solicitation is being made." 37-21-40(A).

17.    The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

18.    The SCTPPA provides a private right of action under section S.C. Code § 37-21-80 for a person who has received a telephone call in violation of the regulations prescribed under the statute.

## Factual Allegations

19.    The telemarketing campaign alleged herein included placing multiple anonymous, unsolicited calls to Plaintiff's number seeking authorization to send covid testing kits.

20.    Defendant Cummins is a Medicare approved provider that distributes covid testing kits.

21.    Cummins bills Medicare patients through their Medicare accounts and for covid testing kits.

22.    Upon information and belief, Cummins had personal knowledge of the calls alleged herein, approved of the telemarketing campaign that included the calls alleged herein, or by failure to act, allowed such calls to be made.

23.    Defendant TelevisitMD is a company that directly, or by those on its behalf, makes telephone calls to telephone numbers on the National Do Not Registry.

Personal Liability Under the TCPA

24.    Defendant Cummins personally participated in the actions complained of by envisioning, authorizing, and directing the marketing conduct described herein, including the telephone conduct

Telephone calls to Plaintiff

25.    Plaintiff Connor is a "person" as defined by 47 U.S.C. § 153(39).

26.    Plaintiff is sole subscriber to the wireless telephone number (843) 557-XXXX.

27.    Plaintiff's number (843) 557-XXXX has been on the National Do Not Call Registry since 2009.

28.    Prior to the calls alleged herein, Plaintiff had never heard of, or requested calls from Cummins or TelevisitMD.

29.    On 3/2/23, Plaintiff received a call ("First Call") by or on behalf of the Defendants.

30.    The First Call transmitted the caller ID (970) 552-0615, a non-working number.

31.    The First Call purpose of the call was to deliver a telephone solicitation.

32.    The First Call began with a long pause, indicating the use of an automatic telephone dialing system ("ATDS").

33.    During the First Call, the caller identified himself as with "Healthcare Support".

34.    In the First Call, Plaintiff instructed the caller to not call him again.

35.    Between March 3, 2023 and March 14, 2023, Plaintiff received an additional twenty-one (21) calls by or on behalf of the Defendants.

36.    Every call transmitted the caller ID (970) 552-0615, a non-working number.

37.    A true and accurate list of the twenty-two (22) calls made by or on behalf of the Defendants (the "Calls") is attached hereto and incorporated herein as Exhibit A.

38.    The purpose of the Calls was to deliver telephone solicitations on behalf of the Defendants.

39.    On the 22nd call, despite Plaintiff's previous Do Not Call requests, and that his number was already on the National Do Not Call Registry, Plaintiff consented to receive covid testing kits to identify the source of the harassment.

40.    Plaintiff identified Defendant Cummins through the billing record and delivery of the covid tests.

41.    Defendant Cummins indicated to Plaintiff he works for TelevisitMD, Inc.

42.    Defendant Cummins informed Plaintiff that TelevisitMD generates covid testing kit orders through telemarketing calls.

43.    Defendant Cummins informed Plaintiff of the telemarketing campaign that included calls for covid 19 testing kits.

## CAUSES OF ACTION

### Count One:
### Violations of the TCPA's Implementing Regulations
### Codified at 47 C.F.R. § 64.1200

44.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

45.    By placing twenty-two (22) telemarketing calls to the Plaintiff whose number is on the Do-Not-Call Registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff on their Do-Not-Call list, Defendants jointly and severally, violated 47

U.S.C. § 227 (c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

46.    The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), and Plaintiff is entitled to an award of $500 - $1,500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R.§64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

## Count Two:

## Violations of the SCTPPA

47.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

48.    The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the SCTPPA, including: (a) initiating a call to a telephone number on the federal Do Not Call Registry (b) the failure to "shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made".

49.    The Defendants' violations were negligent and/or knowing.

50.    The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

- For the statutory damages of $500 to $1,500 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the TCPA;

- For the statutory damages of $1,000 to $5,000 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the SCTPPA;

- For an award of attorneys' fees pursuant to the SCTPPA;

- For unspecified punitive damages in an amount to be determined by the jury.

Respectfully Submitted,

Jay Connor Plaintiff, *Pro Se*
215 East Bay Street 201-F
Charleston, SC 29401
Jayc650@hush.com
(843) 557-5724
(843) 913-8357 (Fax)

April 28, 2023